UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Christina M. Soltis,                                File No. 24-cv-233 (ECT/LIB)

    Plaintiff,

v.                                                  **OPINION AND ORDER**

MHC Culinary Group, LLC,

    Defendant.

---

Michael A. Fondungallah, Fondungallah & Kigham, LLC, St. Paul, MN, for Plaintiff Christina M. Soltis.

Kelly Maxwell and Nicole Faulkner, Stinson, LLP, Minneapolis, MN, for Defendant MHC Culinary Group, LLC.

---

Christina Soltis worked for MHC Culinary Group for over ten years, until her resignation on April 27, 2022. While there, she claims, she was passed over for two promotions due to her sex and her status as a mother. Ms. Soltis brought a six-count Complaint against MCH for violations of Title VII of the Civil Rights Act, the Minnesota Human Rights Act ("MHRA"), and 42 U.S.C. § 1981, based on sex discrimination, familial-status discrimination, retaliation, and reprisal.

MCH seeks dismissal of four of Ms. Soltis's claims under Federal Rule of Civil Procedure 12(b)(6). The motion will be granted. Ms. Soltis has failed to exhaust her administrative remedies with respect to her retaliation claim. Her familial-status discrimination and reprisal claims are time-barred. And Ms. Soltis agrees her § 1981 claim should be dismissed.

I[1]

Ms. Soltis worked as a sous-chef for MCH from September 2011 to April 2022. Compl. [ECF No. 1] ¶ 8.  Ms. Soltis is female and had two children during her employment with MCH.  *Id.* ¶¶ 7, 9.  MCH is a limited liability company based in St. Paul, Minnesota. *Id.* ¶ 2.  Though the Complaint is not specific about what MCH does, it seems reasonable to infer that it provides restaurant and catering services.  *See id.* ¶¶ 7–9, 25–27.

Ms. Soltis alleges she started as a sous-chef in 2011 and remained in that role—despite applying for two promotions—until her resignation.  *Id.* ¶¶ 8, 30.  Ms. Soltis first applied for an executive chef position in 2017, but her application was not acknowledged by MCH.  *Id.* ¶ 11.  A less qualified male applicant was hired for the role.  *Id.* ¶ 12.  She next applied for the position of executive sous-chef in January 2020.  *Id.* ¶ 13.  Due to the COVID-19 pandemic, however, "all positions [we]re retracted until further notice," and Ms. Soltis was not contacted about her application.  *Id.* ¶¶ 14–15.  In May or June 2021, the position was reposted, and Ms. Soltis reapplied.  *Id.* ¶ 16.  Again, Ms. Soltis was not contacted about her application, and the position went to a man.  *Id.* ¶¶ 16–18.  A human resources representative told Ms. Soltis not to be upset about being passed over for the position, and that "something will come along when your kids get older."  *Id.* ¶¶ 18, 20.

Ms. Soltis complained to human resources about not being considered for the executive sous-chef position.  *Id.* ¶ 20.  Soon after, in October 2021, she filed a charge of

---

[1]   In accordance with the standards governing a motion to dismiss under Rule 12(b)(6), the facts are drawn from the Complaint and documents embraced by it.  *See Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014).

sex discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 21; *see also* Def.'s Ex. A [ECF No. 8-1]. In the charge's section with the heading "DISCRIMINATION BASED ON," Ms. Soltis marked only "SEX." Compl. ¶ 21; Def.'s Ex. A. The narrative section reads in full:

> I. I was hired by the above named respondent [MCH] in or around September 2011. I believe the respondent subjected me to differential treatment when I was denied a promotion to an Executive Sous Chef position. Respondent hired an individual outside my protected class for the position.
>
> II. I believe I have been discriminated against on the basis of my sex, female in violation of Title VII of the Civil Rights Act of 1964, as amended.

Def.'s Ex. A at 2.

After Ms. Soltis complained, she and an MCH human resources representative agreed to meet weekly for mentoring and career development. Compl. ¶ 22. Those meetings did not happen for several months—from October 2021 through January 2022. *Id.* In February 2022, Ms. Soltis complained to human resources that these meetings weren't being scheduled, and they began occurring more often. *Id.* ¶¶ 23–24.

In April 2022, Ms. Soltis was transferred to another facility, Bunker Hills Golf Club. *Id.* ¶ 24. Though she retained her sous-chef title, Ms. Soltis alleges she was treated as a line cook and "was not involved in planning, scheduling, ordering for events, managing timelines, production, prep lists, overseeing, and managing staff like she did . . . before being transferred." *Id.* ¶¶ 25–26. On April 26, Ms. Soltis complained to the general manager about her working conditions; specifically, she was given no keys to the Bunker Hills facilities, was not invited to management meetings, was often scheduled as a line

3

cook, and she demanded a raise and promotion. *Id.* ¶ 27. In response, Ms. Soltis was given keys and was told her other concerns would be brought to human resources. *Id.* ¶ 28. The next day, April 27, 2022, Ms. Soltis sent a resignation email to MCH, effective May 11, 2022. *Id.* ¶ 30. MCH accepted the resignation, effective immediately. *Id.* ¶ 31.

Ms. Soltis commenced this action by filing a six-count Complaint on January 30, 2024. *See* Compl. She claims to have been subjected to discrimination when she was not considered for the promotions for which she applied, and that MCH retaliated against her for opposing the discrimination. She brings claims for (1) sex discrimination in violation of Title VII, *id.* ¶¶ 32–38; (2) sex discrimination in violation of the MHRA, *id.* ¶¶ 39–48; (3) retaliation in violation of Title VII, *id.* ¶¶ 49–54; (4) reprisal in violation of the MHRA, *id.* ¶¶ 55–61; (5) violations of 42 U.S.C. § 1981, *id.* ¶¶ 62–64; and (6) familial-status discrimination in violation of the MHRA, *id.* ¶¶ 65–71. Ms. Soltis seeks compensatory and punitive damages, an order directing MCH to "institute and carry out" nondiscriminatory policies, and further relief the Court deems "just, proper, and equitable." *Id.* at 12 ¶¶ A–H. MCH moves to dismiss Counts 3 through 6 of the Complaint, arguing that Ms. Soltis's retaliation, reprisal, and familial-status-discrimination claims are administratively- or time-barred, and that § 1981 is inapplicable. *See* Def.'s Mem. in Supp. [ECF No. 7].

II

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog*, 760 F.3d at 792 (citation omitted). Although

4

the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

Ordinarily, courts do not consider matters outside the pleadings in resolving a Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 12(d). If matters outside the pleadings "are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). But "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned" may be considered without converting the motion into one for summary judgment. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting *Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012)).

Both parties supported their briefing with exhibits. MCH submitted Ms. Soltis's EEOC charge with its motion. *See* Def.'s Ex. A. Ms. Soltis filed three exhibits: the EEOC Intake Questionnaire, a Memorandum of Findings from the St. Paul Department of Human Rights and Equal Economic Opportunity, and her EEOC charge. *See* Pl.'s Exs. 1–3 [ECF No. 16]. Each of these documents may be considered without converting the motion into

5

one for summary judgment. *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) (explaining that courts may consider an EEOC charge at the pleading stage); *Henke v. Allina Health Sys.*, 698 F. Supp. 2d 1115, 1122 (D. Minn. 2010) ("[Plaintiff's] Intake Questionnaire . . . is a public record that may be considered on a motion to dismiss."); *Verrett v. Indep. Sch. Dist. #625*, No. 18-cv-2513 (DSD/BRT), 2019 WL 2870076, at *3 (D. Minn. July 3, 2019) ("Here, in addition to the complaint, the court properly considers the City of St. Paul's July 5, 2018, memorandum and findings.").

### III

### A

MCH first argues that Count 3 of the Complaint—Ms. Soltis's Title VII retaliation claim—must be dismissed because it has not been administratively exhausted. Def.'s Mem. in Supp. at 8–12. Although Ms. Soltis initially appeared to concede the point, *see* Pl.'s Mem. in Opp'n [ECF No. 15] at 1 ("Plaintiff also concede[s] that she did not raise a retaliation claim in her charge for discrimination and so her third cause of action should be dismissed for failing to exhaust her administrative remedies and for timeliness."), she later argued the claim should survive, *id.* at 4–6. Ms. Soltis had it right the first time: the Title VII retaliation claim is unexhausted, and Count 3 will be dismissed.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To sue under Title VII, a plaintiff must first exhaust her administrative remedies by filing a

charge with the EEOC that "give[s] notice of all claims of discrimination" she intends to assert. *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630–31 (8th Cir. 2000) (citation omitted). A plaintiff "may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Id.* at 631 (quoting *Nichols v. Am. Nat'l Ins.*, 154 F.3d 875, 886–87 (8th Cir. 1998)). "The key is that the scope of a judicial complaint can be no broader than the scope of the EEOC investigation that 'could reasonably be expected to grow out of the charge' in the EEOC complaint." *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 945 (8th Cir. 2021) (quoting *Wedow v. City of Kansas City*, 442 F.3d 661, 674 (8th Cir. 2006)).

The Eighth Circuit requires that "[e]ach incident of discrimination and each retaliatory adverse employment decision . . . be individually addressed before the EEOC" to be considered sufficiently related to a properly exhausted claim. *Id.* at 944 (quoting *Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015)). When deciding whether a plaintiff has exhausted her administrative remedies, the Eighth Circuit "liberally construe[s]" the allegations in the EEOC charge, but it recognizes "a difference between liberally reading a claim which lacks specificity, and inventing . . . a claim which simply was not made." *Sellers*, 791 F.3d at 943 (citation omitted); *see also Wedow*, 442 F.3d at 672–73 (explaining the Eighth Circuit has "considerably narrowed [its] view" over time of what it means for a plaintiff's claims to be "like or reasonably related to" those in the EEOC charge). For example, "retaliation claims are not reasonably related to underlying discrimination claims." *Wallin v. Minn. Dep't of Corr.*, 153 F.3d 681, 688 (8th Cir. 1998). To preserve a claim for discrimination based on a particular characteristic, a plaintiff must

7

typically mention that characteristic in the EEOC charge. *See Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 801 (8th Cir. 2011) (affirming the dismissal of age discrimination and retaliation claims as unexhausted when the plaintiff did not mention them in her EEOC charge).

Failure to exhaust administrative remedies "is an affirmative defense that defendants bear the burden to plead and prove." *Roiger v. Veterans Affs. Health Care Sys.*, No. 18-cv-591 (ECT/TNL), 2019 WL 572655, at *7 (D. Minn. Feb. 12, 2019); *see also, e.g.*, *Tyler v. Univ. of Ark. Bd. of Trs.*, 628 F.3d 980, 989–90 (8th Cir. 2011) (addressing exhaustion at the summary judgment stage). Nonetheless, dismissal under Rule 12(b)(6) is appropriate if the plaintiff's EEOC charge shows that she has not exhausted a claim. *See Brooks*, 655 F.3d at 801; *see also Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851–52 (8th Cir. 2012); *Blakley*, 648 F.3d at 931 (explaining that courts may consider an EEOC charge at the pleading stage without converting a motion to dismiss into one for summary judgment).

In her EEOC charge, Ms. Soltis alleged discrimination based on sex, and nothing else. *See* Def.'s Ex. A (checking the box only next to "sex," and stating, "I have been discriminated against on the basis of my sex, female"). Ms. Soltis did not allege retaliation in her charge, either by checking the box next to "retaliation" or by expressly claiming or implicitly alluding to retaliation in the narrative section. *See id.* The Eighth Circuit is clear on this point: "it is well established that retaliation claims are not reasonably related to underlying discrimination claims." *Wallin*, 153 F.3d at 688; *see also Paskert v. Kemna-*

8

*ASA Auto Plaza, Inc.*, 950 F.3d 535, 539 (8th Cir. 2020) ("[A] retaliation claim must be distinctly and separately alleged.").

Ms. Soltis's arguments to the contrary are not persuasive. Ms. Soltis concedes she did not check the retaliation box on the charge but argues her retaliation claim grows out of and is related to her sex-discrimination claim. Pl.'s Mem. in Opp'n at 4. For support, she cites *Henke v. Allina Health Sys.*, 698 F. Supp. 2d 1115 (D. Minn. 2010). There, the court explained that "the question is whether the entire text of the charge, and not simply the boxes checked or the claims alleged therein, provides 'sufficient notice of [a] retaliation claim.'" *Henke*, 698 F. Supp. 2d at 1124 (alteration in original) (quoting *Russell v. TG Mo. Corp.*, 340 F.3d 735, 748 (8th Cir. 2003)). The *Henke* court found that, although it was "a close call whether the substance of Henke's charge sufficed" to exhaust her disability-related claims, the claims were indeed exhausted because in her charge, Henke alleged she "miss[ed] work because of her disability" and "received a negative review due to 'excessive absenteeism.'" *Id.* Ms. Soltis's case does not present a close call on this issue. Leave aside the fact that Ms. Soltis did not check the "retaliation" box; there is no indication in her charge's text that she suffered retaliation. *See* Def.'s Ex. A ("I believe I have been discriminated against on the basis of my sex, female in violation of Title VII of the Civil Rights Act of 1964, as amended.").

Ms. Soltis also cites a paragraph from a Memorandum of Findings issued by the St. Paul Department of Human Rights and Equal Employment Opportunity, seemingly to show she suffered retaliation. Pl.'s Mem. in Opp'n at 5–6. The paragraph Ms. Soltis cites reads, in full, "On October 11, 2021, [Ms. Soltis] filed a complaint against her supervisor

9

for telling an inappropriate story that made her feel uncomfortable. [MCH] investigated the complaint but were [sic] unable to corroborate the allegations. [Ms. Soltis's] supervisor was given a warning regarding respectful language in the workplace." ECF No. 16-2 ¶ 22. Besides being about an "inappropriate story" not alleged in the Complaint, neither the cited paragraph nor any other part of the Memorandum gives any indication Ms. Soltis was retaliated against for her complaints. If the Memorandum provided a factual basis for Ms. Soltis's retaliation claim, showing that retaliation plausibly occurred does not address the exhaustion problem.[2] Because the Complaint and properly considered exhibits show Ms. Soltis's retaliation claim is unexhausted, Count 3 will be dismissed.

B

Next, MCH argues Ms. Soltis's reprisal claim (Count 4) and familial-status-discrimination claim (Count 6) are untimely under the MHRA's one-year statute of limitations and must be dismissed. Def.'s Mem. in Supp. at 13–15. Although Ms. Soltis appeared to concede dismissal of the reprisal claim as untimely, *see* Pl.'s Mem. in Opp'n at 1 ("[H]er third cause of action should be dismissed . . . . That is also the case with

---

[2] As a practical matter, it would have been all but impossible for Ms. Soltis to have alleged retaliation in her EEOC charge. As Ms. Soltis describes the claim, the alleged retaliation did not occur until the same month she filed the EEOC charge or after the charge was filed. The actions constituting retaliation are not clearly alleged in the Complaint. *See* Compl. ¶¶ 49–54. Ms. Soltis's brief offers clarity. There, she says the retaliatory acts were (1) human resources failing to meet with her after it had agreed to, and (2) transferring her to Bunker Hills. Pl.'s Mem. in Opp'n at 6. In the Complaint, Ms. Soltis alleges the human resources meetings did not occur from October 2021 through January 2022, *see* Compl. ¶ 22, and that she was transferred to Bunker Hills in April 2022, *id.* ¶ 24. Ms. Soltis filed her EEOC charge on October 13, 2021. *See* Def.'s Ex. A. Ms. Soltis does not allege she filed a new charge or amended the existing charge. *See generally* Compl.

Plaintiff's reprisal claim."), she later argues both claims should survive, *id.* at 4–7.  The Complaint and properly considered exhibits establish that neither claim is timely, meaning both claims will be dismissed.

The MHRA prohibits discriminatory employment practices on the basis of sex and familial status, among other protected characteristics.  Minn. Stat. § 363A.08, subdiv. 1.  The MHRA also makes it an "unfair discriminatory practice" to "engage in any reprisal" against a person who opposed such discrimination.  Minn. Stat. § 363A.15.  Under the MHRA, claims of unfair discriminatory practice must be either filed as a civil action or charged with a commission within one year of the occurrence of the practice.  Minn. Stat. § 363A.28, subdiv. 3(a).[3]

"As a general rule, 'the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.'" *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (quoting *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008)); *accord Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 897–900 (8th Cir. 2015) (affirming the dismissal of a complaint as time-barred by a statute of limitations).  In this situation, "the problem is not that the plaintiff merely has anticipated the defendant's answer and tried to negate a defense he believes his opponent will attempt to use against him.  Rather, the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief."  5B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil*

---

[3] There are two exceptions to the one-year bar, *see* Minn. Stat. § 363A.28, subdiv. 3(b)–(c), neither of which is alleged to apply here.

§ 1357 (3d ed. & July 2024 Update). Ms. Soltis's complaint survives if it plausibly alleges a claim for relief within the limitations period. *Twombly*, 550 U.S. at 557.

Ms. Soltis appears to argue her familial-status-discrimination and reprisal claims should not be dismissed on statute-of-limitations grounds because they are included in the EEOC Intake Questionnaire and Memorandum of Findings. Pl.'s Mem. in Opp'n at 6–7. This argument's precise relevance is not clear. Regardless, it is incorrect.

Ms. Soltis claims the familial-status discrimination she suffered came in the form of being passed over for two promotions, one in 2017 and one in 2021. *See* Compl. ¶¶ 11–12, 16–19, 70. She learned she had not been chosen for the executive sous-chef position—the later of the two occurrences—on October 5, 2021. *Id.* ¶ 17. Ms. Soltis filed her EEOC charge just days later, on October 13, 2021. *See* Def.'s Ex. A. But, as explained above, Ms. Soltis *only* alleged sex discrimination in the charge. There is no box on the charge for discrimination based on familial status, but Ms. Soltis did not check the box for "other," and, importantly, included no facts about her status as a mother, her children, childcare obligations, or anything that might give MCH notice of a familial-status-discrimination claim in the text of the charge. *See Wallin*, 153 F.3d at 688; *Henke*, 698 F. Supp. 2d at 1124. The latest Ms. Soltis could have brought a familial-status-discrimination claim under the MHRA, then, is October 5, 2022, one year from the date of the latest occurrence of the alleged familial-status discrimination. This suit was filed on January 30, 2024, nearly sixteen months later.

As for the reprisal claim, Ms. Soltis is again unclear about what constitutes MCH's reprisal in her Complaint. *See* Compl. ¶¶ 55–61. In her briefing, Ms. Soltis appears to

12

contend that (1) not meeting with human resources and (2) being transferred to Bunker Hills were the acts constituting reprisal. *See* Pl.'s Mem. in Opp'n at 6. The later of those two occurrences—the transfer to Bunker Hills—occurred in April 2022. Again, Ms. Soltis did not check the "retaliation" box on the EEOC charge, describe or allude to reprisal, or describe or allude to the non-occurrence of meetings or the Bunker Hills transfer. Def.'s Ex. A. In short, Ms. Soltis's EEOC charge provides no indication of a reprisal claim, particularly not one under the MHRA. *See* Def.'s Ex. A ("I believe I have been discriminated against on the basis of my sex, female *in violation of Title VII* of the Civil Rights Act of 1964, as amended.") (emphasis added). Ms. Soltis, then, had until April 2023—a year after the Bunker Hills transfer—to file a civil case or charge with a commission. This case was filed in January 2024, nearly nine months later.

Both the MHRA claims—for reprisal and for familial-status discrimination—are untimely. Counts 4 and 6 will be dismissed.

C

Lastly, MCH argues Ms. Soltis fails to state a claim under 42 U.S.C. § 1981, and Count 5 must be dismissed. Def.'s Mem. in Supp. at 15–16. Section 1981(a) guarantees all people "the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." Its application is limited to claims of race discrimination, which are not alleged here. *DeGraffenreid v. Gen. Motors Assembly Div.*, 558 F.2d 480, 486 n.2 (8th Cir. 1977) ("[S]ex discrimination in employment is not cognizable under § 1981."); *Butler v. Crittenden Cnty.*, 708 F.3d 1044, 1051 (8th Cir. 2013)

13

(same). Ms. Soltis concedes her sex-discrimination claim is not cognizable under the statute. Pl.'s Mem. in Opp'n at 1. Accordingly, Count 5 will be dismissed.

*

A dismissal with prejudice is typically appropriate when a plaintiff has shown "persistent pleading failures" despite one or more opportunities to amend, *Milliman v. Cnty. of Stearns*, No. 13-cv-136 (DWF/LIB), 2013 WL 5426049, at *16 (D. Minn. Sept. 26, 2013); *see Reinholdson v. Minnesota*, No. 01-cv-1650 (RHK/JMM), 2002 WL 32658480, at *5 (D. Minn. Nov. 21, 2002) (adopting report and recommendation), or when the record makes clear that any amendment would be futile, *see Paisley Park Enters. v. Boxill*, 361 F. Supp. 3d 869, 880 n.7 (D. Minn. 2019). On the other hand, when claims "might conceivably be repleaded with success," dismissal without prejudice is ordinarily justified. *Washington v. Craane*, No. 18-cv-1464 (DWF/TNL), 2019 WL 2147062, at *5 (D. Minn. Apr. 18, 2019), *R. & R. adopted*, 2019 WL 2142499 (D. Minn. May 16, 2019). Here, the dismissal-prompting exhaustion and statute-of-limitations problems fall in the former category, meaning dismissal should be with prejudice.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant MHC Culinary Group, LLC's Partial Motion to Dismiss with Prejudice [ECF No. 5] is **GRANTED**.

2. Counts 3 through 6 of the Complaint [ECF No. 1] are **DISMISSED with prejudice**.

Dated: July 25, 2024

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court